

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
JONATHAN C. PATTILLO, ESQ.
Nevada Bar No. 13929
E-mail: Jonathan.Pattillo@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Hobby Lobby Stores, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lori Mendez, | Case No.: 3:23-cv-00181-ART-CLB |
| Plaintiff, | |
| vs. | **Order Granting Stipulated Protective Order** |
| Hobby Lobby Stores, Inc.; John Does I-XX, inclusive; ABC Corporations I-X, inclusive; and Black and White Companies, I-X, inclusive, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.   This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other electronic and tangible items.

2.   The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential" or "Subject to Protective Order."  If any material has multiple pages, this designation need only be

284570452v.1

placed on the first page of such material, so long as it is clear to a layman where the designation ends. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, deponents, and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached as Ex. A hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order. It shall be the responsibility of the party making the "Confidential" designation to seek and obtain within 45 days from the newly added party's initial appearance their written agreement to be bound by the terms of this Order. Otherwise, the designating party shall be deemed to have waived any rights to confidentiality until such time that it obtains the newly added party's agreement.

7. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. . When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of

284570452v.1

Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, if the witness does not waive reading and signing, the witness shall review and sign the transcript in the presence of the court reporter/the court reporter's employer, and no copy of the transcript or exhibits shall be given to the deponent to take with him/her.

9. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order

10. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The designating party shall have five court days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have five additional court days to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling on any motion for a protective order, for 30 days, or until the designating party fails to either meet and confer or file a motion for protective order within the time periods detailed above, whichever is sooner.

11. If a party wishes to file material marked "Confidential" or "Subject to Protective Order' with the Court, that party must first file a motion for leave to file those documents under seal, pursuant to LR IA 10-5 and the good cause standard pursuant to *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If filed under a prior court order, the papers must state on the first page "FILED UNDER SEAL UNDER COURT ORDER (ECF NO. __)." Documents filed under seal must be served in accordance with LR IC 4-1(c).

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order. At such time, arrangements shall be made by the designating party to designate the material "Confidential" in accordance with this Order.

-3-

284570452v.1

1    13.    This Order shall be without prejudice to the right of any party to contest
2 confidentiality, oppose production of any information or object to its admissibility into evidence.

3    14.    When any attorney who has executed a Confidentiality Agreement becomes aware of
4 any violation of this Order, or of facts constituting good cause to believe that a violation of this
5 Order may have occurred, such attorney shall report that there may have been a violation of this
6 Order to the designating party.

7    15.    Within thirty days after the termination of this Lawsuit (whether by dismissal or final
8 judgment), all Confidential Material (including all copies) shall be destroyed or returned to counsel
9 for the designating party.

10    16.    After the termination of this Lawsuit, the provisions of this Order shall continue to be
11 binding and this Court shall retain jurisdiction over the parties while this case is pending and any
12 other person who has access to documents and information produced pursuant to this Order for the
13 sole purpose of enforcement of its provisions. This Court's jurisdiction will cease upon the dismissal
14 of the case.

**IT IS SO STIPULATED:**

| WILSON ELSER<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | TERRY FRIEDMAN & JULIE THROOP, PLLC |
|---|---|
| */s/ Michael Lowry*<br>Michael P. Lowry, Esq.<br>Nevada Bar No. 10666<br>Attorneys for Hobby Lobby Stores, Inc. | */s/ Julie McGrath Throop*<br>Julie McGrath Throop, Esq.<br>Nevada Bar No. 11298<br>Attorneys for Plaintiff |

-4-

284570452v.1

*Lori Mendez v. Hobby Lobby Stores, Inc., et al.*
Case No.: 3:23-cv-00181-ART-CLB
*Stipulated Protective Order*

### ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION

It is hereby ORDERED, ADJUDGED AND DECREED that all materials and information designated by a party or parties as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall be protected for purposes of this litigation and that all stipulated provisions/agreements set forth in the Stipulation shall be followed. All materials and information designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" that are filed with the Court must be done pursuant to LR IA 10-5 and pursuant to a prior court order following a motion for leave to file these documents under seal.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
July 18, 2023

Respectfully submitted by:

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY: /s/ *Jonathan P. Pattillo, Esq.*
    MICHAEL P. LOWRY, ESQ.
    Nevada Bar No. 10666
    JONATHAN C. PATTILLO, ESQ.
    6689 Las Vegas Blvd. South, Suite 200
    Las Vegas, NV 89119
    *Attorneys for Hobby Lobby Stores, Inc.*

284570452v.1

# EXHIBIT A

## ACKNOWLEDGEMENT

I, _____, affirm that I have read the foregoing Stipulation and Order to Protect Confidential Materials and Information entered in *Mendez v. Hobby Lobby Stores, Inc.*, Case No. 3:23-cv-00181-ART-CLB ("Protective Order"), currently pending before the United States District Court in Washoe County Nevada ("District Court"), governing the documents produced by the parties in this case. I have read the Protective Order governing documents produced by the parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the District Court for the purpose of enforcing the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____

_____
Signature

_____
Printed Name

284570452v.1